# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| vs. | : | Criminal Case No. 3:04CR00031 |
| NATHAN GODDARD, | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| Defendant. | : | |
| _____ | : | |
| NATHAN GODDARD, | : | |
| Petitioner, | : | |
| | : | Civil Case No.  3:05CV00244 |
| vs. | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Sharon L. Ovington |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |
| | : | |

# REPORT AND RECOMMENDATIONS[1]

On June 17, 2004, Nathan Goddard pled guilty to one criminal offense – conspiracy to distribute and possession with intent to distribute in excess of five kilograms of cocaine and in excess of 100 kilograms of marijuana in violation of 21 U.S.C. §§841(a)(1) and 846.  *See*

---

[1] Attached hereto is a NOTICE regarding objections to this Report and Recommendations.

3:04CR00031, Doc. #s 148, 149.  During his plea hearing, Goddard acknowledged the accuracy of a statement of facts, which was read into the record.  (Doc. #149).  This statement provided in part as follows:

> During the existence of the conspiracy defendant NATHAN GODDARD used force, violence, intimidation and threats of force or violence including the possession and use of firearms and other weapons to further the objectives of the conspiracy.

(3:04CR00031, Doc. #296 at 2).

On September 15, 2004, the Government filed a Motion for Downward Departure, pursuant to the terms of the plea agreement, due to Goddard's substantial assistance. (3:04CR00031, Doc. #205).  The District Court sentenced Goddard on September 17, 2004, to a sixty-six month term of imprisonment.  (3:04CR00031, Doc. #207).  The Government explains that this sentence included a two-point enhancement pursuant to U.S. Sentencing Guidelines §2D1.1(b)(1) for possession of a dangerous weapon, to wit: a firearm.  (3:04CR00031, Doc. #296 at 2).

Goddard did not file a direct appeal of his conviction and sentence.

This case is presently before the Court upon Goddard's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 and Memorandum in Support (3:04CR00031, Doc. #287), the Government's Answer (3:04CR00031, Doc. #296), and the record as a whole.

Goddard's Motion raises four grounds for relief:

> Ground One: Ineffective Assistance Of Counsel....
>
> Ground Two: Fifth Amendment 'Due Process' Violation....
>
> Ground Three: Sixth Amendment Violation (Jury Trial Rights)....
>
> Ground Four: Sentencing Court Made 'Plain Error'....

2

(3:04CR00031, Doc. #287).  Goddard's Memorandum explains that each of these Grounds is based on his contention that the District Court made clear error under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) by enhancing his sentence from fifty-seven months to sixty-six months through a judicial finding of fact that he possessed a firearm.  (3:04CR00031, Doc. #287, Memorandum at 1-9).

In order to succeed with any of his claims, Goddard must demonstrate that the legal principles announced in *United States v. Booker*, ___ U.S.___. 125 S.Ct. 738 (2005), which stem from *Apprendi v. New Jersey*, apply retroactively on collateral review of his Motion to Vacate, Set Aside or Correct Sentence.  This he cannot do, however, because the United States Court of Appeals for the Sixth Circuit has held that neither *Booker* nor *Apprendi* apply retroactively to cases on collateral review.  *See Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005); *see also Goode v. United States*, 305 F.3d 378, 385 (6th Cir. 2002); *Fulcher v. Motley* 444 F.3d 791, 815-16 (6th Cir. 2006).  Consequently, without retroactive application of the legal principles announced in *Booker* and *Apprendi*, Goddard's claims lack merit.

## IT IS THEREFORE RECOMMENDED THAT:

1.    Petitioner Nathan Goddard's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (3:04CR00031, Doc. #287; 3:05CV00244, Doc. #287) be DENIED;

2.    Because reasonable jurists would not disagree with the conclusions reached in this Report, Petitioner should be denied both leave to appeal *in forma pauperis* and any requested Certificate of Appealability; and

3

    3.       These cases be terminated on the docket of this Court.


September 27, 2006

      s/ Sharon L. Ovington     
Sharon L. Ovington
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).